887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FIRST GRANITE CITY NATIONAL BANK, Plaintiff-Appellee,
J.B. Andrews, Intervening Plaintiff-Appellant,
v.
M/V EMMA CATHERINE, Defendant.
 No. 89-5156.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken from the district court order denying J.B. Andrews' motion for summary judgment and granting, in part, First Granite City National Bank's (Bank) motion for summary judgment on the issue of the priority of the Bank's first preferred ship mortgage over Andrews' alleged maritime lien on the M/V Emma Catherine.[1] All parties agree that the basic facts are not in dispute, and so we set them forth as they appeared in the district court's memorandum opinion:
 
 
 2
 The M/V EMMA CATHERINE is a twin-screw river towboat, owned by Elmer J. Gray and operated by Transcontinental Towing Co. Gray executed a promissory note for $75,000 with the First Granite City National Bank ("Bank"), and granted the Bank a preferred ship mortgage, recorded on January 31, 1986. The Bank alleges that Gray has defaulted on the note and owes principal of $53,125.00, and interest of $6,102.82, which continues to accrue at the rate of $13.83 per day.
 
 
 3
 The Bank brought an action in rem against the vessel, and J.B. Andrews, Jr., an insurance broker, intervened. Andrews alleges that Transcontinental secured marine insurance for the M/V EMMA CATHERINE through him and that Transcontinental owes Andrews $17,226.40 in unpaid premiums.
 
 
 4
 Twenty-three former crew members intervened, as well. They claimed wages for services they performed at various times from December 1985 through November 1986. All but one of the crew members have settled their claims with the other plaintiffs.
 
 
 5
 The other party in this action is the United States, which has lien on all the property of Gray and claims income and Federal Insurance Contribution Act ("F.I.C.A.") taxes to be withheld from the crew members' wages.
 
 
 6
 The court ordered a Marshal's Sale, and on March 1, 1988, the sale realized $94,400.00. Of the $94,400.00 from the sale of the vessel, $10,866.42 has been paid for administrative expenses, $37,179.21 has been paid in settled wage claims, and $14,109.56 has been paid to the United States for withholding and FICA taxes. The dispute is over the $32,244.81 remaining in the fund.
 
 
 7
 (Footnotes omitted).
 
 
 8
 On appeal, Andrews asks that we overrule Grow v. Steel Gas Screw Loraine K, 310 F.2d 547 (6th Cir.1962), and adopt in its place the reasoning set forth by the Fifth Circuit in Equilease Corp. v. M/V Sampson, 793 F.2d 598 (5th Cir.) (en banc), cert. denied, 479 U.S. 984 (1986). We are unable to comply with this request. The official court policies adopted by this circuit provide:
 
 
 9
 Section 11.3 Policy of Avoiding Intra-Circuit Conflict of Precedent
 
 
 10
 It is the tradition of this court that reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of this court.
 
 
 11
 Court Policies--Sixth Circuit (Jan. 1988).
 
 
 12
 As we stated in Salmi v. Secretary of Health & Human Services, 774 F.2d 685, 689 (6th Cir.1985), "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification or this Court sitting en banc overrules the prior decision."
 
 
 13
 Andrews has cited no Supreme Court decision which would justify this panel overruling Grow. We note also that, although the Equilease decision is well reasoned, the decision reached is by no means compelled. In the case at bar, the Bank makes a number of respectable arguments as to why Grow should continue to be the law.
 
 
 14
 In situations such as this, an appellant has the option of requesting the case to be heard en banc initially. Fed.R.App.P. 35(b).[2] Having failed to make such a request, the appellant is still left with the right to petition for an en banc hearing.
 
 
 15
 Since this panel, like the district judge, is bound by our decision in Grow, we AFFIRM.
 
 
 
 [1]
 In admiralty cases, interlocutory appeals of this nature are authorized by 28 U.S.C. Sec. 1292(a)(3)
 
 
 [2]
 Supplementing Rule 35, our court policies provide:
 Section 11.1 Hearing En Banc
 Initial en banc hearing ordinarily is ordered by a majority of the active judges only if there is a determination that the case is controlled by a prior decision of the court which should be reconsidered or the case is of such great importance as to require initial consideration by the full court.